STATE, EX REL. D. M. WIANT ET AL., V. H. A. BABCOCK, AUDITOR, AND E. P. ROGGEN, SECRETARY OF STATE.

County Bonds: LIMITATION ON ISSUE. Under the provisions. of the act of 1873, as amended in 1883, authorizing counties to issue bonds "to pay the outstanding unpaid bonds, warrants, and indebtedness of a county," such bonds, with those previously issued and unpaid, cannot exceed ten per cent of the assessed valuation of the county.

ORIGINAL application for mandamus.

*Harwood, Ames & Kelly,* for relator.

*William Leese, Attorney General,* for respondents.

MAXWELL, J.

This is an application for a mandamus to compel the defendants to register certain bonds of Franklin county. It appears from the petition that the assessed valuation of Franklin county for the year 1884 was the sum of $824,-389.34; that previous to that year, said county had issued its bonds for internal improvements to the amount of $37,-000. At the election in November, 1884, the question of

issuing $49,000 of funding bonds was submitted to the electors of that county, and carried by the requisite majority. Funding bonds to the amount of $49,000 were thereupon issued and presented to the defendants for registration and certification. The defendants refused to certify that the bonds were "issued pursuant to law," upon the ground the bonded debt of the county would thereby exceed ten per cent of the assessed valuation for the year 1884. The question involved is the authority of the defendants to certify bonds issued in excess of ten per cent of the assessed valuation.

In 1877 an act was passed by the legislature "to provide for the funding of the warrants and outstanding indebtedness of counties." Sec. 1 provides, "That the county commissioners of any county in the state of Nebraska be and are hereby authorized and empowered to issue coupon bonds of such denominations as they may deem best, sufficient to pay the outstanding and unpaid warrants and indebtedness of such county. *Provided*, That the county commissioners of any such county may limit the provisions of this act to any fund or funds of said county. *Provided further*, That on no event shall bonds be issued to a greater amount than ten per cent of the assessed valuation of such county. *And provided further*, That the county commissioners of any such county shall first submit the question of issuing bonds to a vote of the qualified electors of such county." Laws 1877, 219. This law was substantially re-enacted in 1879. Comp. Stat., Ch 18, § 132. In 1883 this section was amended by inserting the words "unpaid bonds," so that as amended it reads * * "sufficient to pay the outstanding and *unpaid bonds*, warrants, and indebtedness of said county," etc. * * * "*Provided further*, That in no event shall bonds be issued to a greater amount than ten per cent of the assessed valuation of said county."

The question is, does this provision restrict the entire

issue of bonds by the county to ten per cent? We think it does. There is no inherent power in a county to issue bonds, but the authority must be expressly conferred by statute. *Hollenbeck v. Hahn*, 2 Neb., 397–8. *Stewart v. Otoe County*, Id., 183. *Hamlin v. Meadville*, 6 Id., 227. In the case last cited it is said (page 233): "Whatever may be the rule as to municipal corporations, counties have no authority at common law to issue bonds. * * The power to issue commercial paper must be conferred by statute, and such power must be exercised in the manner prescribed." This, in our view, is a correct statement of the law. The power to issue bonds must be expressly given or result from other powers conferred. In this case the issue of bonds is limited to ten per cent. We cannot restrict this to funding bonds without injecting words into the statute which are not necessarily implied. The language applies to all bonds and we must so construe it. We therefore hold that the issue of funding bonds, with bonds previously issued and unpaid, cannot exceed ten per cent of the assessed valuation of the county. As the bonds issued in this case, with those previously issued, exceeded that sum, the defendants are not in default in refusing to certify the same. The writ must therefore be denied.

WRIT DENIED.

THE other judges concur.